SMITH, EXR., ET AL. v. ELLIS ET AL.

*Wills—Execution—Signing at end—Dispositive slip attached to document—Original will invalidated or codicil unexecuted—Question for jury—Time of attaching slip.*

1. A will written on two of the four pages of a double sheet of legal cap paper, signed at the end and complete in itself, excepting that a small piece of note paper containing a dispositive clause and not signed was attached to the outside of the will, is not properly signed at the end as required by statute, if the slip of paper was written and attached before the will was signed, but if written subsequently to the execution of the will, such slip of paper amounts to nothing more than an unexecuted codicil.

2. In such case the question as to the time when the attached paper was written is for the jury and it is error for the court to direct the jury to return a verdict setting aside the will.

(Decided June 22, 1921.)

ERROR: Court of Appeals for Clinton county.

*Messrs. Smith, Rogers & Smith,* for plaintiffs in error.

*Mr. M. A. Broadstone* and *Mr. J. Kenneth Williamson,* for defendants in error.

CUSHING, J. Ivy E. Ellis brought an action in the court of common pleas of Clinton county to contest the will of Mrs. R. A. Sheley (Beal). An issue was made under the statute by an entry.

The will of Mrs. Sheley was dated February 7, 1911, was written on a double sheet of legal-cap paper, and occupied but two of the four pages of that paper. When the will was offered for probate there was attached to it a small sheet of note paper, on which was written the following:

"And I also will and bequeath to my grandson Densel E. Linkhart 50 acres of land on the south side of the road from where I now live. (This being a part of my will)."

The will was probated by the probate court of Clinton county, and the will and its probate were offered in evidence. The proponents of the will then rested. Ellis did not offer any evidence. He moved the court to direct the jury to return a verdict in his favor, finding the paper writing purporting to be the last will and testament of R. A. Sheley not to be the last will and testament of R. A. Sheley, deceased, for the reason that the same is not signed by her at the end, as required by the statute, and for the further reason that said will is not signed at all. On consideration, the court granted the motion, instructed the jury to return a verdict setting aside the will, and judgment was entered on the verdict. This proceeding is prosecuted to reverse that judgment.

The paper writing offered in evidence, if it be considered aside from the slip of paper attached to it, is complete in itself, and was signed at the end. The question here is: What is the legal effect of the small paper attached, either by a brad or a pin, to the outside of the will? Section 12083, General Code, provides:

"On the trial of such issue, the order of probate shall be *prima facie* evidence of the due attestation, execution, and validity of the will or codicil."

In *Clark* v. *McFarland*, 99 Ohio St., 100, it was held that a motion on behalf of the contestants of a will must be overruled if some evidence has been offered in support of the issues involved; that the scintilla rule applies in will cases. This case was

followed and approved in *Flory* v. *Grime*, 100 Ohio St., 528. The statute above quoted and these two decisions render it imperative that the case must be submitted to the jury unless it appears from the face of the will that it was not signed at the end thereof, or was not signed at all. The paper writing, except the small slip attached to it, was signed at the end by the testator.

The facts in this case are different from those stated in *Irwin* v. *Jacques*, 71 Ohio St., 395. In that case the part of the will complained of was written on the margin of the last page of foolscap or legal-cap paper. It contained a dispositive clause, and testimony was offered and admitted to the effect that after the will had been written, and before it was signed, the testator declined to sign it until the clause written on the margin was inserted. The court charged the jury that if they found from the evidence that the matter written upon the margin of the page, upon which the testator's signature appeared, was written before the will was signed by him, and that the testator intended such written matter on the margin to be a part of his will, then such will was not signed at the end, as required by the statute, and their verdict should be for the plaintiff; that the paper writing produced was not the last will and testament of Henry Irwin. This charge was approved by the supreme court.

The case of *Sears* v. *Sears*, 77 Ohio St., at 104, differs from the *Irwin case* and the case at bar in that the will was written on a blank form, and the will was signed only in one of the blank spaces, and not at the end of the clause as required by the statute.

In this case, if the jury should find that the slip of paper attached to the will was written and attached before the will was signed, then the will would not have been signed at the end as required by the statute, but if it was written and attached subsequently to the execution and witnessing of the original will, then it would amount to no more than an unexecuted codicil to a will. The question then is as to the time when the slip of paper, attached to the will, was written. That question should have been submitted to the jury under proper instructions.

For error of the court in directing the verdict, the judgment will be reversed, and the cause remanded to the court of common pleas for further proceedings according to law.

*Judgment reversed, and cause remanded*

HAMILTON, P. J., and BUCHWALTER, J., concur.